IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GUILARTE,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREA MONTI, et al.,<br><br>    Defendants. | Case No. 16-cv-01726-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 14, 16 |

Before the Court are two motions: (1) defendant Andrea Monti's ("Monti") "Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6)," filed June 14, 2016; and (2) defendant Marriott Hotel Services, Inc.'s ("Marriott) "Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure Section 12(b)," filed June 21, 2016.[1] Plaintiff Eduardo Guilarte ("Guilarte") has filed a combined opposition to the motions, to which Monti and Marriott have separately replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court hereby rules as follows.[2]

**BACKGROUND**

In the operative complaint, the First Amended Complaint ("FAC"), Guilarte alleges that Hugo Valdez ("Valdez") and defendant Monti "were partners in organizing and hosting" the "2015 Argentine Tango USA Championship & Festival" ("the Event"). (See FAC ¶¶ 1, 15.) Plaintiff alleges that Valdez is his "close friend." (See FAC ¶ 15.) Prior to

---

[1] A third defendant, the City of Buenos Aires ("Buenos Aires"), has not appeared.

[2] By order filed July 27, 2016, the Court took the matters under submission.

1 the Event, according to Guilarte, Monti "attempted to gain sole control and ownership of
2 the partnership" and "us[ed] threats and harassment" to do so, including "fil[ing] a
3 baseless application for a temporary restraining order" against Valdez.  (See id.)
4 　　　　　The Event occurred at the San Francisco Airport Marriott Waterfront Hotel.  (See
5 FAC ¶ 16.)  Guilarte alleges he attended the event "using a valid ticket" he received from
6 Valdez and that, after Guilarte had "participated in a few dances," Monti "confronted" him
7 and stated, "You cannot be here."  (See FAC ¶ 18.)  Guilarte also alleges that Monti
8 advised him she "reserved the right to control admission" (see id.) and would "have
9 security throw [him] out" (see id. (alteration in original).)  Guilarte further alleges that
10 Monti told "attendees of the Event" that Guilarte was "not permitted to attend the Event
11 because 'he was there as a spy' on behalf of . . . Valdez," that Guilarte's "attendance was
12 harmful to the Event," that Guilarte was "trespassing," and that "she had the authority to
13 have him removed from the Event at her whim."  (See FAC ¶ 19.)
14 　　　　　Guilarte alleges that "Marriott security personnel physically removed [him] from the
15 Event," even though Guilarte told the "security officer" he had "written permission to
16 attend the Event from the Event's co-host, as well as a purchased ticket."  (See FAC
17 ¶ 20.)  According to Guilarte, he was then "detained at the manager's desk in the lobby,"
18 where the manager "insisted" that Guilarte "had to leave" and then had him "removed"
19 from the hotel, even though Guilarte showed the manager, inter alia, "his ticket to the
20 Event."  (See FAC ¶ 21.)
21 　　　　　Guilarte also alleges that he "designed a logo" and had "permitted" Valdez and
22 Monti, "as business partners," to use the logo "in connection with their joint dance festival
23 business activities," and that Monti thereafter "unilaterally" began using the logo without
24 Guilarte's permission.  (See FAC ¶ 45.)
25 　　　　　Based on the above allegations, Guilarte alleges six causes of action, specifically,
26 "Slander Per Se," "False Light," "Trademark Infringement," "False Imprisonment,"
27 "Intentional Infliction of Emotional Distress," and "Negligent Infliction of Emotional
28 Distress."

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

Defendants seek dismissal of each of the causes of action alleged against them. The Court considers the causes of action, in turn.

**A. First Cause of Action ("Slander Per Se")**

In the First Cause of Action, Guilarte alleges that Monti's statements made to persons attending the Event constituted slander in that, Guilarte asserts, the statements are reasonably understood as an assertion Guilarte was trespassing. See Cal. Civ. Code

1  § 46 (defining "slander" as "a false and unprivileged publication, orally uttered" that, <u>inter
2  alia</u>, "[c]harges any person with crime"); <u>see also</u> Cal. Penal Code § 602(l) (defining as
3  "misdemeanor" act of "[r]efusing or failing to leave land, real property, or structures
4  belonging to or lawfully occupied by another and not open to the general public, upon
5  being requested to leave by . . . the owner, the owner's agent, or the person in lawful
6  possession").

7       In its moving papers, Marriott argues the First Cause of Action is subject to
8  dismissal as time-barred, specifically, for the reason that the docket indicates the initial
9  complaint was filed more than one year after the date of the alleged slander. <u>See</u> Cal.
10 Civ. Proc. Code § 340(c) (providing action for slander must be filed "within one year"). In
11 her reply, Monti similarly argues that the First Cause of Action is barred by the applicable
12 statute of limitations.[3]

13      Guilarte alleges the statements at issue were made at the Event. At one point in
14 the FAC, he alleges he attended the Event "[o]n or about April 3, 2015" (<u>see</u> FAC ¶ 18),
15 and, at another, he alleges he attended "on or before April 5, 2015" (<u>see</u> FAC ¶¶ 50-51).
16 In support of its motion, Marriott requests that the Court take judicial notice of an
17 advertisement listing the dates of the Event as "April 2 - 5, 2015" (<u>see</u> Def. Marriott's Req.
18 for Judicial Notice Ex. C), which request Guilarte does not oppose. Indeed, Guilarte, in
19 his opposition, concurs that the Event took place from April 2 through April 5, 2015, which
20 is consistent with his allegations that he attended the Event "on or after April 3, 2015" and
21 also "on or before April 5, 2016."

22      Given that the Event occurred in the time period of April 2, 2015, to and including
23 April 5, 2016, the Court, at the pleading stage, finds the latest date on which the allegedly

---

[3] Ordinarily, if a new ground for dismissal is raised in a reply, the Court will not consider the matter or, alternatively, will afford the opposing party an opportunity to file a surreply to address the issue. Here, however, Guilarte, in responding to Marriott's argument based on the statute of limitations, fully set forth his position as to why the claim, as asserted against both Marriott and Monti, is timely. Under such circumstances, the Court will consider Monti's arguments for dismissal based on the statute of limitations.

4

1  slanderous statements could have been made is April 5, 2015.  Consequently, in order
2  for a slander claim based thereon to have been pleaded within the applicable one-year
3  limitations period, Guilarte needed to file the initial complaint no later than April 5, 2016.
4  See Cal. Gov't Code § 6803 (providing the word "'year' means a period of 365 days";
5  further providing "[t]he added day of a leap year, and the day immediately preceding it, if
6  they occur in any such period, shall be reckoned together as one day").

7  In support of dismissal, defendants argue the initial complaint was filed on April 6,
8  2016, the date reflected on the docket for the above-titled action.  Guilarte, by contrast,
9  argues he filed his initial complaint on April 5, 2016, relying on the "Case Summary" for
10 the above-titled action, which summary states:  "Date filed: 04/05/2016."[4]

11 The initial complaint is identified as Document No. 1 on the docket.  The Notice of
12 Electronic Filing corresponding to Document No. 1 establishes that the initial complaint
13 was "entered by [Guilarte's counsel] on 4/6/2016 at 0:19 a.m. and filed on 4/6/2016."
14 (See Docket, Doc. No. 1.)[5]  Pursuant to the Local Rules of this District, specifically Civil
15 Local Rule 5-1, "[e]lectronic transmission of a document in compliance with court
16 procedures shall, upon receipt by the Clerk of the entire document and the sending of a
17 Notice of Electronic Filing ('NEF') by the ECF system, constitute filing of the document for
18 all purposes and shall constitute entry of that document on the docket maintained by the
19 Clerk pursuant to Fed. R. Civ. P. 58 and 79."  See Civil L.R. 5-1(e)(3).  Thus, as is
20 reflected in the NEF, the initial complaint was filed on April 6, 2016.

21 Guilarte's reliance on the April 5, 2016, date in the Case Summary is misplaced.
22 The date stated therein is the date on which an electronic filer begins the process of
23 electronically filing a document, meaning that, in this instance, the electronic filer *began*

---

[4]The "Case Summary" for any case can be accessed in this District's Electronic Case Filing system ("ECF") by, first, choosing "Query," second, entering the case number in the "Case Number" box, third, clicking "Run Query," and, lastly, clicking the "Case Summary" link.

[5]The Notice of Electronic Filing for any docket entry can be assessed by clicking the dot to the left of the number of the docket entry.

5

the process of filing the initial complaint at 11:59 p.m., or at some time earlier, on April 5, 2016.  Under the Local Rules of this District, however, "[a]ll electronic filings of documents must be *completed* as described in Civil L.R. 5-1(e)(3) prior to midnight in order to be considered timely filed that day."  See Civil L.R. 5-1(e)(4) (emphasis added).

In sum, as the alleged slander occurred no later than April 5, 2015, and the initial complaint was filed on April 6, 2016, the First Cause of Action, in the absence of Guilarte's establishing an exception, is barred by the applicable statute of limitations.  As defendants correctly point out, the FAC includes no allegations to support a finding that an exception to the statute of limitations exists.  See Udom v. Fonseca, 846 F.2d 1236, 1238 (9th Cir. 1988) (holding "[i]n order to invoke the benefit of [an exception to the statute of limitations], the plaintiff must allege facts that, if believed, would provide a basis for [the exception]").

Accordingly, the First Cause of Action is subject to dismissal.

As set forth below, the Court will afford Guilarte leave to amend.  In his opposition, Guilarte, citing § 351 of the California Code of Civil Procedure, asserts he could amend to allege that Monti was in Argentina from July 20, 2015, to August 28, 2015.  See Cal. Civ. Proc. Code § 351 (providing that "if, after [a] cause of action accrues, [the defendant] departs from the State, the time of his absence is not part of the time limited for the commencement of the action").  Should Guilarte seek to amend the First Cause of Action in reliance thereon, Guilarte is advised that said exception is inapplicable to a defendant who is out of state traveling "in the course of interstate commerce."  See Filet Menu, Inc. v. Cheng, 71 Cal. App. 4th 1276, 1283 (1999) (holding "section 351 impermissibly burdens interstate travel with respect to residents who travel in the course of interstate commerce").[6]  Further, the exception does not apply to a corporation, such as Marriott, see Loope v. Greyhound Lines, Inc., 114 Cal. App. 2d 611, 614 (1952) (holding § 351 does not apply to either "foreign" corporations or "California corporation[s]"), and, should

---

[6]Guilarte alleges Monti "resides in San Mateo, California."  (See FAC ¶ 9.)

1  Guilarte seek to amend the First Cause of Action and again include Marriott as a
2  defendant, Guilarte must allege, in addition to an exception to the statute of limitations
3  applicable to Marriott, a statement made by Marriott that was slanderous.[7]

**B.  Second Cause of Action ("False Light")**

In the Second Cause of Action, Guilarte alleges that Monti's "false and disparaging [s]tatements" made at the Event "place[d] him in a false light in the public eye." (See FAC ¶¶ 36, 37.)  Defendants argue the claim is barred by the statute of limitations.

The statute of limitations applicable to a claim for false light is one year.  See Roberts v. McAfee, Inc., 660 F.3d 1156, 1166, 1169 (9th Cir. 2011) (applying California law).  For the reasons stated above with respect to the First Cause of Action, the Court finds the Second Cause of Action was filed more than one year after the claim accrued and Guilarte has not pleaded any facts to support a finding that an exception to the statute of limitations exists.  Moreover, where, as here, a plaintiff bases a false light claim on the same facts as a defamation claim, the false light is "superfluous and should be dismissed."  See Kappellas v. Kaufman, 1 Cal. 3d 20, 35 n.16 (1969).

Accordingly, the Second Cause of Action is subject to dismissal.

**C.  Third Cause of Action ("Trademark Infringement")**

In the Third Cause of Action, Guilarte alleges Monti violated the Lanham Act by "engag[ing] in unauthorized use of [Guilarte's] trademark" (see FAC ¶¶ 6, 46),[8] which trademark, he asserts, is a "logo" he designed for Valdez and Monti to use "in connection with their joint dance festival business activities" (see FAC ¶ 45).  The claim is based on the theory that, although Guilarte gave permission to Monti to use the logo, such permission only extended to her using the logo jointly with Valdez. (See FAC ¶ 46.)  Monti argues Guilarte fails to state a trademark infringement claim against her.

---

[7]Although the First Cause of Action is also alleged against Marriott, Guilarte does not allege Marriott itself made a slanderous statement.

[8]The Third Cause of Action is not alleged against Marriott.

7

A "trademark" is defined as "any word, name, symbol, or device, or any combination thereof," either "used by a person" or "which a person has a bona fide intention to use in commerce and applies to register on the principal register," to "identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." See 15 U.S.C. § 1127.  "A claim of trademark infringement under . . . the Lanham Act requires a trademark holder to demonstrate:  (1) ownership of a valid mark (i.e., a protectable interest), and (2) that the alleged infringer's use of the mark is likely to cause confusion, or to cause mistake, or to deceive consumers."  Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1134 (9th Cir. 2006) (internal quotation and citation omitted). With respect to the second element, to establish confusion, mistake or deception, the trademark holder must show that "customers are likely to be confused about the source or sponsorship of the products" offered by the defendant allegedly using the trademark. See id. at 1135.

Here, as Monti correctly points out, Guilarte fails to allege any facts to support a finding that Monti's use of the logo is likely to cause any confusion or mistake, or to deceive consumers as to who was producing the Event.  More fundamentally, the claim fails because there are no facts to support a finding that the logo is a trademark, as Guilarte does not allege he has ever "used" the logo to identify any goods he sells or that he has any intention, let alone a "bona fide intention," to do so in the future.  See 15 U.S.C. § 1127.

Accordingly, the Third Cause of Action is subject to dismissal.

**D.  Fourth Cause of Action ("False Imprisonment")**

In the Fourth Cause of Action, Guilarte alleges that Monti and Marriott subjected him to "false imprisonment" with respect to the manner in which he was "forced" from the Event and the hotel.  (See FAC ¶ 51.)  Both defendants argue the claim is barred by the statute of limitations, and Monti additionally argues that Guilarte fails to allege she restrained or confined him in any manner.

8

1    The statute of limitations applicable to a claim for false imprisonment is one year.
2    See Cal. Civ. Proc. Code § 340(c).  For the reasons set forth above with respect to the
3    First Cause of Action, the Court finds the Fourth Cause of Action was filed more than one
4    year after the claim accrued and Guilarte has not pleaded any facts to support a finding
5    that an exception to the statute of limitations exists.  Moreover, the FAC includes
6    insufficient facts to support a finding that Monti herself deprived Guilarte of his "personal
7    liberty" by "unlawful means," i.e., "by means of physical force, threat of force or of arrest,
8    confinement by physical barriers, or by means of any other form of unreasonable duress."
9    See Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715 (1994) (setting forth elements of tort of
10   false imprisonment).

11   Accordingly, the Fourth Cause of Action is subject to dismissal.

**E.  Fifth Cause of Action ("Intentional Infliction of Emotional Distress")**

13   In the Fifth Cause of Action, Guilarte alleges a claim for intentional infliction of
14   emotional distress, which claim is based on the conduct on which he bases the First
15   through Fourth Causes of Action.  (See FAC ¶ 53.)  Defendants contend the Fifth Cause
16   of Action is subject to dismissal, for the reason that Guilarte has not alleged that
17   defendants engaged in the type of outrageous conduct necessary to support such a
18   claim.

19   Under California law, the conduct necessary to support a claim for intentional
20   infliction of emotional distress "must be so outrageous in character and so extreme in
21   degree as to go beyond all possible bounds of decency and to be regarded as atrocious
22   and utterly intolerable in a civilized community."  See Melorich Builders, Inc. v. Superior
23   Court, 160 Cal.App.3d 931, 936 (1984).

24   With respect to Monti, the conduct on which the claim is based is, in essence, that
25   after Monti observed Guilarte, a close friend of her ex-boyfriend, in attendance at an
26   event she organized, she caused him to be removed from such event and told
27   bystanders he was trespassing, and that she used a logo he had designed in a manner
28   as to which he did not give consent.  Such conduct does not rise to the level of extreme

9

conduct necessary to support a claim for intentional infliction of emotional distress.  See, e.g., Catsouras v. Department of California Highway Patrol, 181 Cal. App. 4th 856, 863, 875 (2010) (holding decedent's family members stated claim for intentional infliction of emotional distress based on allegations that peace officers, who took photographs of decedent at accident scene, acted with intent to cause family members emotional distress when they widely distributed to members of public photographs of decedent's "decapitated remains" along with "identifying information" about decedent's family, thereby allowing recipients of photographs to "target" family with "malicious taunt[s]").

With respect to Marriott, as Monti does not identify any false statements made by Marriott, or assert misuse of Guilarte's logo, the sole basis for the claim is Marriott's alleged false imprisonment of Guilarte.  The false imprisonment claim, however, is based on conclusory allegations that Guilarte was "seized" at the Event, "forced" to leave the Event, "restrained and confined" in the "main lobby," and, finally, "forced" to leave the hotel.  (See FAC ¶ 51.)  Given the paucity of the allegations, the Court cannot find that the manner in which Guilarte was allegedly seized, restrained and confined constituted the type of extreme behavior on which an intentional infliction of emotional distress can be based.

Accordingly, the Fifth Cause of Action is subject to dismissal.

**F.  Sixth Cause of Action ("Negligent Infliction of Emotional Distress")**

In the Sixth Cause of Action, Guilarte, incorporating by reference the allegations on which he bases the First through Fifth Causes of Action, alleges Monti and Marriott engaged in "negligent conduct," causing Guilarte "emotional and physical distress."  (See FAC ¶ 61.)  Defendants argue Guilarte fails to state a claim for the reason that he fails to allege any facts to support a finding that defendants owed Guilarte a duty.

Under California law, "the negligent causing of emotional distress is not an independent tort, but the tort of negligence."  See Burgess v. Superior Court, 2 Cal. 4th 1064, 1072 (1992) (internal quotation and citation omitted).  Consequently, a plaintiff alleging entitlement to damages based on "the negligent causing of emotional distress"

must establish all elements of a negligence claim, specifically, "duty, breach of duty, causation, and damages."  See id.

In his opposition, Guilarte relies on his allegation that defendants had a "duty to stop engaging in the conduct described [in the FAC] and/or to intervene to prevent or prohibit said conduct."  (See FAC ¶ 60.)  Guilarte also argues the requisite duty arises from the contractual relationship that existed by reason of his having obtained a ticket to the Event.  As to the former, Guilarte's argument is unavailing, as the allegation on which he relies states no more than a legal conclusion, and Guilarte has cited to no case or statutory authority in support thereof.  As to the latter, Guilarte fails to allege that Monti or Marriott were parties to the contract on which he relies, and, even if they were, a negligence claim cannot be based on an assertion that they failed to honor the terms of the ticket.  See North American Chemical Co. v. Superior Court, 59 Cal. App. 4th 764, 774 (1997) (citing "general rule" that "where the 'negligent' performance of a contract amounts to nothing more than a failure to perform the express terms of the contract, the claim is one for breach of contract, not negligence").

Accordingly, the Sixth Cause of Action is subject to dismissal.

## CONCLUSION

For the reasons stated above, defendant Monti's motion to dismiss is hereby GRANTED and defendant Marriott's motion to dismiss is hereby GRANTED.

If Guilarte wishes to amend to cure any of the deficiencies identified above, Guilarte shall file a Second Amended Complaint no later than August 19, 2016.  Guilarte may not, however, add new claims or new defendants without leave of court.  See Fed. R. Civ. P. 15(a)(2).  If Guilarte does not file a Second Amended Complaint within the time provided, the instant action will proceed against Buenos Aires only.

**IT IS SO ORDERED.**

Dated:  August 2, 2016

MAXINE M. CHESNEY
United States District Judge