1

2

3

4

5

6

7

8

9

10

11

12

13

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDUARDO GUILARTE,

Plaintiff,

v.

ANDREA MONTI, et al.,

Defendants.

Case No. 16-cv-01726-MMC

**ORDER GRANTING DEFENDANT MARRIOTT HOTEL SERVICES, INC.'S MOTION TO DISMISS; DISMISSING COMPLAINT TO EXTENT ALLEGED AGAINST MARRIOTT HOTEL SERVICES, INC.**

Re: Dkt. No. 33

14          Before the Court is defendant Marriott Hotel Services, Inc.'s ("Marriott") "Motion to

15  Dismiss Plaintiff's Second Amended Complaint," filed September 19, 2016.  Plaintiff

16  Eduardo Guilarte has not filed opposition.  Having read and considered the papers filed in

17  support of the motion, the Court rules as follows.[1]

18          By order filed August 2, 2016, the Court dismissed, with leave to amend, the five

19  causes of action alleged against Marriott in Guilarte's First Amended Complaint ("FAC").

20  Thereafter, Guilarte filed his Second Amended Complaint ("SAC"), in which he asserts

21  two causes of action against Marriott.  By the instant motion, Marriott argues that the

22  SAC fails to state a cognizable claim against it.  The Court considers the two causes of

23  action asserted against Marriott, in turn.

24  //

25  //

26  //

27  _____

28          [1]By order filed October 6, 2016, the Court took the matter under submission.

1  **A.  "Intentional Infliction of Emotional Distress"**

2      The Fourth Cause of Action,[2] titled "Intentional Infliction of Emotional Distress," is

3  based, as it pertains to Marriott, on Guilarte's allegations that he attended an event at a

4  Marriott hotel, that the event organizer demanded he leave the event even though he had

5  a ticket, and that, when he would not, Marriott employees caused him to be removed

6  from the hotel.

7      To support a claim of intentional infliction of emotional distress, the plaintiff must

8  establish that the defendant's conduct was "so outrageous in character and so extreme in

9  degree as to go beyond all possible bounds of decency and to be regarded as atrocious

10 and utterly intolerable in a civilized community."  See Melorich Builders, Inc. v. Superior

11 Court, 160 Cal. App. 3d 931, 936 (1984).

12     In its prior order, the Court found Guilarte had failed to allege, in the FAC, facts to

13 support a finding that the manner in which Marriott employees removed him constituted

14 the type of conduct necessary to support a claim for intentional infliction of emotional

15 distress.  Specifically, the Court found said claim was based on "conclusory allegations

16 that Guilarte was 'seized' at the event, 'forced' to leave the event, 'restrained and

17 confined' in the 'main lobby,' and, finally, 'forced' to leave the hotel," and that, "[g]iven the

18 paucity of the allegations," the Court could not find the alleged manner in which Guilarte

19 was removed constituted the requisite outrageous conduct.  (See Order, filed August 2,

20 2016, at 10:10-14 (quoting FAC ¶ 51).)

21     As Marriott correctly points out, the SAC includes no new factual allegations that

22 could support a finding that the manner in which Guilarte was removed from the hotel

23 constituted the requisite outrageous conduct.  Indeed, the only new allegation pertinent to

24 the removal is another conclusory assertion, in this instance, that a Marriott employee

25 "forc[ed]" Guilarte "down to the lobby."  (See SAC ¶ 24.)  In short, the SAC, like the FAC,

26 remains devoid of factual allegations to support a finding that the manner in which

27  _____

28      [2]The First through Third Causes of Action are not alleged against Marriott.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Guilarte was removed constituted the type of conduct necessary to support a claim for

2  intentional infliction of emotional distress.  See Ashcroft v. Iqbal, 556 U.S. 662, 678-79

3  (2009) (holding complaint subject to dismissal where it lacks "sufficient factual matter" to

4  support conclusions); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

5  (holding "allegations must be enough to raise a right to relief above the speculative

6  level").

7      Accordingly, the Fourth Cause of Action, as alleged against Marriott, is subject to

8  dismissal.

9  **B.  "Negligent Infliction of Emotional Distress"**

10      The Fifth Cause of Action is titled "Negligent Infliction of Emotional Distress."  As

11  the Court noted in its prior order, no such cause of action exists under California law;

12  rather, a plaintiff seeking to recover damages for emotional distress based on an

13  assertedly negligent act must establish the elements of a claim of negligence.  See Potter

14  v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993).  Specifically, the plaintiff must

15  show "the emotional distress arises out of the defendant's breach of some other legal

16  duty and the emotional distress is proximately caused by that breach of duty."  See id. at

17  985.

18      In its prior order, the Court dismissed the negligence claim for the reason that

19  Guilarte had alleged no facts to support a finding that Marriott owed Guilarte a duty.  In

20  the SAC, Guilarte now alleges Marriott, as the operator of the hotel in which the event

21  was held, owed him a "duty to exercise reasonable care in the management of the

22  premises."  (See SAC ¶ 67.)  Marriott argues, however, and the Court agrees, that the

23  SAC fails to include facts to support a finding that Marriott breached any such duty.

24  Indeed, nothing in the FAC suggests Marriott negligently managed the premises.

25      Moreover, as Marriott correctly points out, emotional distress damages are not

26  recoverable, even where an alleged breach of duty has occurred, unless the breach

27  "threaten[s] physical injury."  See Potter, 6 Cal. 4th at 984-85 (holding plaintiffs entitled to

28  seek emotional distress damages, where defendant, in violation of "duty imposed on it by

law," placed carcinogens near plaintiffs' residences, thereby exposing plaintiffs to "future physical injury or illness," specifically, cancer).[3]  Here, Guilarte alleges he experienced emotional distress because his removal from the event "conveyed to all witnesses — members of Mr. Guilarte's social and professional groups — that Mr. Guilarte had acted in an unlawful or otherwise improper manner" (see SAC ¶ 28); he does not allege that his distress occurred as a result of a perceived threat of physical injury arising from Marriott's conduct.  Consequently, his claim for emotional distress damages is not cognizable under a theory of negligence.[4]

Accordingly, the Fifth Cause of Action, to the extent alleged against Marriott, is subject to dismissal.

<strong>CONCLUSION</strong>

For the reasons stated above, Marriott's motion to dismiss is hereby GRANTED, and the complaint, to the extent alleged against Marriott, is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: November 15, 2016.

MAXINE M. CHESNEY
United States District Judge

---

[3]This requirement is subject to "rare exceptions."  See id.; Branch v. Homefed Bank, 6 Cal. App. 4th 793, 799–801 (1992) (identifying, as examples of "exceptions," cases involving mishandling of cremated remains, incorrectly diagnosing syphilis, breaching a fiduciary or quasi-fiduciary duty such as refusing in bad faith to pay insurance proceeds, and physically injuring a close relative of the plaintiff in the presence of the plaintiff).  None of the identified exceptions appears applicable to the instant complaint.

[4]A claim for damage to reputation could be cognizable under a theory of slander. Here, however, the Court, based on the statute of limitations, dismissed Guilarte's slander claim against Marriott as alleged in the FAC, and, although Guilarte was afforded an opportunity to amend his slander claim against Marriott for purposes of alleging an exception to the statute of limitations, Guilarte did not do so.