IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GUILARTE,<br>    Plaintiff,<br>    v.<br>ANDREA MONTI, et al.,<br>    Defendants. | Case No. 16-cv-01726-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MONTI'S MOTION TO DISMISS; VACATING HEARING**<br><br>Re: Dkt. No. 32 |

Before the Court is defendant Andrea Monti's ("Monti") "Motion . . . to Dismiss Plaintiff's Second Amended Complaint," filed September 14, 2016. Plaintiff Eduardo Guilarte has not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court finds the matter suitable for decision on the moving papers, VACATES the hearing scheduled for January 6, 2017, and rules as follows:

1. Contrary to Monti's argument, the First Cause of Action, titled "Slander Per Se," is not subject to dismissal, as the alleged statements by Monti on which plaintiff relies reasonably could be understood as accusing plaintiff of committing criminal trespass. See Cal. Penal Code § 602(l). Additionally, plaintiff has sufficiently cured the deficiency identified in the Court's order of August 2, 2016, specifically, by alleging Monti was out of the state on "vacation" for "at least three days" during the applicable one-year limitations period. (See Second Amended Complaint ("SAC") ¶¶ 9-12, Exs. B-C);[2] Cal. Civ. Proc.

---

[1] The deadline for plaintiff to file opposition was December 2, 2016. (See Order, filed November 29, 2016.)

[2] Plaintiff alleges the assertedly slanderous statements were made "[o]n or about April 3, 2015" (see SAC ¶¶ 22-23), and the initial complaint was filed on April 6, 2016.

1  Code § 351 (providing that "if, after [a] cause of action accrues, [the defendant] departs
2  from the State, the time of his absence is not part of the time limited for the
3  commencement of the action"); Filet Menu, Inc. v. Cheng, 71 Cal. App. 4th 1276, 1283
4  (1999) (holding § 351's tolling provisions applicable only where "out-of-state travel [is]
5  unrelated to interstate commerce," such as "vacation trips").

6      2. The Second Cause of Action, titled "False Light," is subject to dismissal.  As
7  explained in the Court's prior order, where, as here, a false light claim is based solely on
8  allegations supporting a claim for slander, the false light claim is "superfluous and should
9  be dismissed." See Kappellas v. Kaufman, 1 Cal. 3d 20, 35 n.16 (1969).

10      3. The Third Cause of Action, titled "False Imprisonment," is subject to dismissal,
11  as plaintiff has failed to cure the deficiency identified in the Court's prior order,
12  specifically, a failure to allege facts to support a finding that Monti deprived plaintiff of his
13  "personal liberty" by "unlawful means," i.e., "by means of physical force, threat of force or
14  of arrest, confinement by physical barriers, or by means of any other form of
15  unreasonable duress." See Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715 (1994) (setting
16  forth elements of tort of false imprisonment).

17      4.  The Fourth Cause of Action, titled "Intentional Infliction of Emotional Distress,"
18  is subject to dismissal, as plaintiff has failed to cure the deficiency identified in the Court's
19  prior order, specifically, a failure to allege facts to support a finding that Monti engaged in
20  conduct "so outrageous in character and so extreme in degree as to go beyond all
21  possible bounds of decency and to be regarded as atrocious and utterly intolerable in a
22  civilized community." See Melorich Builders, Inc. v. Superior Court, 160 Cal.App.3d 931,
23  936 (1984).

24      5. The Fifth Cause of Action, titled "Negligent Infliction of Emotional Distress," is
25  subject to dismissal, given plaintiff's failure to cure the deficiency identified in the Court's
26  prior order, specifically, a failure to allege facts to support a finding that Monti owed
27  plaintiff a duty. See Burgess v. Superior Court, 2 Cal. 4th 1064, 1072 (1992) (holding
28  "negligent causing of emotional distress is not an independent tort, but the tort of

negligence"; requiring plaintiff alleging entitlement to damages based on "negligent causing of emotional distress" to establish all elements of negligence claim, including "duty").  As noted in the Court's prior order, a duty did not arise from Monti's alleged failure to honor plaintiff's ticket.  See North American Chemical Co. v. Superior Court, 59 Cal. App. 4th 764, 774 (1997) (citing "general rule" that "where the 'negligent' performance of a contract amounts to nothing more than a failure to perform the express terms of the contract, the claim is one for breach of contract, not negligence").

## CONCLUSION

For the reasons stated above, Monti's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks dismissal of the Second, Third, Fourth and Fifth Causes of Action as alleged against Monti, the motion is GRANTED.

2. To the extent the motion seeks dismissal of the First Cause of Action as alleged against Monti, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: January 3, 2017

MAXINE M. CHESNEY
United States District Judge