IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GUILARTE,<br><br>    Plaintiff,<br><br>  v.<br><br>ANDREA MONTI, et al.,<br><br>    Defendants. | Case No. 16-cv-01726-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND**<br><br>Re: Dkt. No. 41 |

Before the Court is plaintiff Eduardo Guilarte's ("Guilarte") "Motion . . . for Leave to File a Third Amended Complaint," filed December 19, 2016. Defendant Andrea Monti ("Monti") has filed opposition; Guilarte has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for January 20, 2017, and rules as follows.

Guilarte requests leave to file a proposed Third Amended Complaint ("Proposed TAC")[1] for the purpose of adding two new claims, specifically, a claim titled "Breach of Contract" and a claim titled "Violation of Cal. Civ. Code § 52.1 (the 'Bane Act')" (see Proposed TAC at 16:12, 17:18), to which he seeks to name as defendants Monti, Marriott International, Inc. ("Marriott") and the City of Buenos Aires ("Buenos Aires").[2]

---

[1] The Proposed TAC is attached as Exhibit 1 to the Declaration of Amy Sommer Anderson.

[2] Neither Marriott nor Buenos Aires has filed a response to the instant motion. By order filed November 15, 2016, the Court dismissed all claims alleged against Marriott in the Second Amended Complaint, and Guilarte has not filed proof of service of the summons and complaint upon Buenos Aires, which defendant, to date, has not appeared.

A court "should freely give leave [to amend] when justice so requires." See Fed. R. Civ. P. 15(a)(2). "[F]our factors are commonly used" in determining whether leave to amend is appropriate, specifically, "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, Monti does not argue that Guilarte is acting in bad faith, nor does she contend granting leave to amend would cause undue delay or point to any prejudice she would suffer thereby. Monti does argue, however, that the proposed new claims are futile.

The Court considers each such claim, in turn.

**A. Proposed Breach of Contract Claim**

The proposed claim for breach of contract is based on allegations that Guilarte purchased for $35 a ticket to the "Argentine Tango USA Festival and USA Championship" ("the Event"), that he "conduct[ed] himself in a respectful and respectable manner" while attending the Event, and that "defendants breached the contract" by not allowing him to "fully attend[ ] the Event," in that they required him to leave the premises. (See Proposed TAC ¶¶ 25, 66, 69-73.)

Monti first argues the proposed breach of contract claim is futile for the reason that, she contends, no breach of contract occurs when a person who "host[s] a private event" requires an attendee to leave, as the host has the "exclusive right to determine who should be permitted to attend." (See Def.'s Opp. at 4:17-19.) The sole authority Monti cites in support of such proposition, MacLeod v. Fox West Coast Theatres Corp., 10 Cal. 2d 383 (1937), however, is distinguishable, as it concerned the right of a host to remove a person from an event to which attendance has been limited. See id. at 384-85, 387-88 (holding event sponsor entitled to remove plaintiff, who entered movie theater to attend advance showing "limited to representatives of the press, and one hundred employees of [the co-sponsor]," where plaintiff was not "within either of the classes of persons which theretofore had been designated as proposed invitees"). Here, by

2

contrast, Guilarte alleges he purchased a ticket to an event advertised as open to the public (see Proposed TAC ¶ 69, Ex. D), not the type of event at issue in MacLeod. Moreover, even in those jurisdictions where a ticket to a public event has been deemed "a mere license revocable at the will of the proprietor," see Greenberg v. Western Turf Ass'n, 140 Cal. 357, 360 (1903) (collecting cases), such proprietor, in exercising said right, "becomes responsible in damages" for "the price of the purchased ticket," as well as for "necessary expenses as may have been incurred by its purchaser in attending or in seeking to attend the entertainment," see id. at 360-61.

Monti next relies on a state court pleading requirement that a party alleging a breach of a written contract must either quote the terms of the contract "verbatim" in the complaint or "attach[ ]" the "instrument" thereto. See Otworth v. Southern Pacific Transportation Co., 166 Cal. App. 3d 452, 459 (1985). Assuming the same or a similar requirement is applicable in federal court, the instrument on which Guilarte relies, the ticket to the Event, has been attached as an exhibit to the Proposed TAC. (See Proposed TAC Ex. F.)

Consequently, as to the breach of contract claim, Monti has not shown the proposed amendment would be futile.[3]

Accordingly, the Court will afford Guilarte leave to amend to allege the proposed breach of contract claim.

**B. Proposed Bane Act Claim**

The Bane Act prohibits a person from "interfer[ing] by threats, intimidation, or coercion, or attempt[ing] to interfere by threats, intimidation, or coercion, with the exercise

---

[3]To the extent the proposed breach of contract claim is alleged against Marriott and Buenos Aries, the proposed claim would appear to be futile, as the Proposed TAC includes no allegation, let alone facts to support a finding, that either of those entities was a party to the contract formed by Guilarte's purchase of the ticket. See Tri-Continental Int'l Corp. v. Paris Savings & Loan Ass'n, 12 Cal. App. 4th 1354, 1359 (1993) (holding a plaintiff "cannot assert a claim for breach of contract against one who is not a party to the contract"). Nonetheless, as those parties have not filed opposition to the instant motion, the Court does not further address herein the sufficiency of the claim as alleged against them.

by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]."  See Cal. Civ. Code § 52.1(a).  As interpreted by the California Supreme Court, the provisions of the Bane Act do not apply to "ordinary tort actions," but, rather, are "limited to threats, intimidation, or coercion that interfere with a constitutional or statutory right."  See Venegas v. County of Los Angeles, 32 Cal. 4th 820, 843 (2004).

Guilarte bases his proposed Bane Act claim on an allegation that defendants, by "prohibit[ing] [him] from attending and taking part in [the Event]," deprived him of his "right to full and equal accommodation and service in all business establishments within the state."  (See Proposed TAC ¶¶ 75-76.)  The viability of the claim, as pleaded, is thus dependent on a threshold showing that Guilarte had a right, secured by either a constitutional provision or a statute, see Venegas, 32 Cal. 4th at 843, to "full and equal accommodation and service" with respect to the Event (see Proposed TAC ¶ 76).  Monti argues the proposed Bane Act claim is futile for the reason that Guilarte cannot establish any such right.  As discussed below, the Court agrees.

Guilarte fails to identify, either in his Proposed TAC or in his motion, a constitutional provision or statute that creates a right of which he allegedly was deprived when defendants required him to leave the Event.  In his motion, Guilarte cites to Bender v. County of Los Angeles, 217 Cal. App. 4th 968, 978 (2013) and Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947, 957-62 (2012), which cases, he asserts, hold a claim under the Bane Act can be based on facts that would support a tort claim for false imprisonment.  The Court is not persuaded.  As noted, the Bane Act does not apply to "ordinary tort actions."  See Venegas, 32 Cal. 4th at 843.  Indeed, the plaintiffs in Bender and Shoyoye based their respective Bane Act claims on alleged violations of the Fourth Amendment, not on a tort claim of false imprisonment.  See Bender, 217 Cal. App. 4th at 978 (holding, "[h]ere, the Bane Act applies because there was a Fourth Amendment violation . . . accompanied by  . . . coercion"); Shoyoye, 203 Cal. App. 4th at 955 (noting plaintiff's Bane Act claim was predicated on alleged violation of "either the Fourth

Amendment to the United States Constitution or article I, section of the California Constitution, which both pertain to the right of the people to be secure against unreasonable searches and seizures"); see also id. at 959 (holding Bane Act "was intended to address only egregious interferences with constitutional rights, not just any tort").

Lastly, even assuming a Bane Act claim could be based on a tort claim for false imprisonment, that cause of action, as alleged by Guilarte in his prior pleadings, was dismissed for failure to state a claim (see Order, filed January 3, 2017, at 2:10-16; Order, filed August 2, 2016, at 8:23 - 9:11), and Guilarte, in the Proposed TAC, has not endeavored to cure the deficiencies previously identified by the Court.

Consequently, as to the Bane Act claim, the proposed amendment would be futile, and, accordingly, the Court will not afford Guilarte leave to amend to allege said claim.

## CONCLUSION

For the reasons stated above, Guilarte's motion for leave to amend is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent Guilarte seeks leave to amend for the purpose of alleging his proposed breach of contract claim, the motion is GRANTED;

2. In all other respects, the motion is DENIED.

3. Guilarte shall file any Third Amended Complaint no later than February 3, 2017. In said pleading, Guilarte may not include any claim set forth in the Second Amended Complaint that was dismissed in the Court's orders dated January 3, 2017, and November 15, 2016, and may not include any new claim other than the proposed breach of contract claim.

**IT IS SO ORDERED.**

Dated: January 17, 2017

MAXINE M. CHESNEY
United States District Judge